Kevin Sean DILLON, Plaintiff,

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware Corporation, Defendant.**

No. 87–F–1683.

United States District Court,
D. Colorado.

Nov. 30, 1988.

David B. Kiker, Aurora, Colo., for plaintiff.

James P. Gatlin, Denver, Colo., for defendant.

### ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER comes before the court on its own motion for the assessment of jury costs pursuant to Rule 502 of the Local Rules of Practice for the U.S. District Court of the District of Colorado.

## I.

Plaintiff Kevin Dillon brought this personal injury action against his employer, defendant Burlington Railroad, under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq. The plaintiff suffered back injuries while on duty aboard the caboose of one of defendant's trains. The injuries resulted from an emergency stop made by the train's engineer in reaction to an unexpected switch signal. Plaintiff alleged negligence on the part of the defendant and its agents for the switch signal and subsequent stop. The plaintiff brought his action on November 5, 1987.

By order of this court on April 14, 1988, the parties were to meet for settlement discussions and were to advise the court thereof at the pre-trial conference on June 21, 1988. At the conference, it was apparent that no progress regarding settlement had been made. The court again ordered the parties to meet and discuss settlement and extended the date for advisement to the court to August 1, 1988.

A status conference was held on September 22, 1988 in which the final dates in preparation for trial were announced. Again, the parties were directed to meet and discuss settlement and were to advise the court of any prospects of settlement by November 3. No progress was reported to this court. The plaintiff requested, and was granted, a trial setting on November 21, 1988.

The trial date was placed on the court's docket, and trial briefs were submitted along with all other trial documents. Jury instructions were drafted and a jury was prepared for trial. On November 20, at 4:55 P.M., the parties announced settlement of the case.

## II.

Rule 502 of the Local Rules of Practice provides as follows:

Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, then, except for good cause shown, jury costs, including marshal's fees, mileage, and per diem, shall be assessed against the parties and their counsel, ... unless the clerk is notified of the settlement before twelve noon of the last business day preceding the time when the action is scheduled for trial....

The parties in the instant case notified the clerk of their settlement at 4:55 P.M. of the last previous business day before trial. This is clearly beyond the time limits of Rule 502, and warrants our assessing, *sua sponte,* jury costs to the parties and their attorneys.

While settlements are always preferred over lengthy and costly jury trials, there must necessarily be limits as to when the court will accept the settlement without imposing some sort of penalty. Last minute settlements are a great inconvenience to venire persons, and an unnecessary drain on judicial resources. More importantly, they undermine the effective and timely scheduling of trials in other pending cases. Both professional necessity and common courtesy demand that notice of settlements be given in time to notify venire persons and judicial personnel that further action on their part is not necessary.

The parties had several occasions to meet and discuss settlement, but failed to make progress each time. The court cooperated with each request for extension of time in order to provide the parties every opportunity to reach a settlement. The parties had over a year since the filing of this case to reach a settlement. The claims and defenses of this case did not preclude a timely settlement, nor render it unduly complicated. We find that there is no "good cause" for the parties' late notification to the Clerk of settlement.

ACCORDINGLY, the parties are assessed jury costs in the amount of eight hundred and fifty dollars ($850.00) to be divided equally between them. The check is to be made payable to James R. Man-speaker, Clerk of the Court, on or before December 7, 1988.